USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

JOSE SUSANA,

Defendant.

04 Cr. 6 (JGK)

MEMORANDUM OPINION & ORDER

**JOHN G. KOELTL, District Judge:**

The defendant was indicted on one count of participating in a conspiracy to distribute, and possess with intent to distribute, one kilogram or more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) ("Count One"), and one count of distributing and possessing with intent to distribute approximately 100 grams of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 ("Count Two"). (Indictment filed Jan. 6, 2003.) Count One carries a mandatory minimum sentence of ten years' imprisonment, and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Count Two carries a mandatory minimum sentence of five years' imprisonment, and a maximum sentence of forty years' imprisonment. 21 U.S.C. 841(b)(1)(B). The Government has provided the defense a Pimentel letter in which it has estimated, based on the information available, that the defendant's Sentencing Guideline Range would be 97-121 months, but that with the application of the

Returned to chambers for scanning on 8·4·05 (MBF)
Scanned by chambers on 8/4/05

mandatory minimum in Count One, the Sentencing Guideline Range would be 120-121 months.

The defendant seeks to plead guilty to Count One of the Indictment without allocuting as to the quantity of drugs involved in the offense, and asks that, if such a plea is entered, the Court determine the quantity of drugs for which the defendant shall be held responsible for the purposes of determining the mandatory minimum sentence by applying a standard of proof that the quantity be proved beyond a reasonable doubt. (Letter from James Roth dated July 15, 2005.) The Government objects, and requests that, should the defendant enter a plea of guilty on Count One and fail to allocute to the amount of drugs involved in the offense, the Court should determine the quantity of drugs for the purposes of determining the mandatory minimum sentence by employing a preponderance of the evidence standard and the defendant should be required to consent to that sentencing procedure as a requirement to accepting his plea of guilty to Count One. (Letter from David S. Leibowitz, dated July 6, 2005.)

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490

(2000). Apprendi and its progeny establish that the drug quantity involved in an offense is an element of the offense for the purposes of determining a maximum sentence, and that therefore a court may not enhance a sentence above a statutory maximum based on drug quantity if the drug quantity was not charged in the indictment and proved to the jury beyond a reasonable doubt. See United States v. Luciano, 311 F.3d 146, 150-51 (2d Cir. 2002); United States v. Thomas, 274 F.3d 655, 663 (2d Cir. 2001) (en banc).

Under Apprendi and its progeny, the defendant cannot plead guilty to Count One as charged in the Indictment without allocuting as to the quantity of drugs involved in the offense. Count One charges the defendant with possession with intent to distribute one kilogram or more of heroin. 21 U.S.C. 841(b)(1)(A). Under Apprendi and its progeny, the amount of heroin involved in the offense is an element that must be charged in the Indictment and proven to the jury beyond a reasonable doubt for the purposes of determining the maximum sentence. See Luciano, 311 F.3d at 150-51; Thomas, 274 F.3d at 663. Rule 23 of the Federal Rules of Criminal Procedure states that, "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed.R.Crim.P.

23. Because, for the purposes of determining the maximum sentence, the amount of drugs involved in Count One is an element that must be proven to the jury beyond a reasonable doubt, the defendant cannot waive his right to a jury trial on that issue without the consent of the Government. Because the Government does not consent to a bench trial on the sole issue of the amount of drugs involved in Count One for the purposes of determining the maximum sentence, the Court cannot determine the amount of drugs for that issue. Therefore, the defendant cannot plead guilty without allocuting to the quantity of drugs involved in the offense unless the Government agrees to a guilty plea under 21 U.S.C. § 841(b)(1)(C), for which the quantity of drugs is not an element, and under which the maximum penalty would be twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(C); Thomas, 274 F.3d at 663, 667.

However, if the defendant and the Government, with the approval of the Court, agree that the defendant will plead guilty to Count One under 21 U.S.C. § 841(b)(1)(C) without pleading guilty to the amount of heroin, the Court may still determine by a preponderance of the evidence the amount of heroin involved in the offense for the purposes of determining the mandatory minimum, as long as that minimum does not exceed the statutory maximum under 21 § 841(b)(1)(C). "Facts that compel the imposition of a

mandatory minimum sentence, but not a sentence in excess of the otherwise applicable maximum, need not be charged in the indictment or determined by a jury beyond a reasonable doubt." United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); see also United States v. King, 345 F.3d 149, 151-52 (2d Cir. 2003). If the Court determines by the preponderance of the evidence that the quantity of heroin involved in the offense is one kilogram or more, the Court will impose a sentence no less than ten years under 21 U.S.C. § 841(b)(1)(A), and no more than the twenty year statutory maximum under 21 U.S.C. § 841(b)(1)(C). See Luciano, 311 F.3d at 153; King, 345 F.3d at 151-52. Therefore, if the parties agree that the defendant may plead guilty to Count One without allocuting to the amount of heroin involved in the conspiracy, the defendant would be advised that the Court will determine the amount of heroin involved in the conspiracy by a preponderance of the evidence and, if that amount is one kilogram or more of heroin, the defendant will be subject to the mandatory minimum of ten years' imprisonment.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 26, 2005**

John G. Koeltl
United States District Judge